Argued and submitted June 19, accused disbarred August 16, 2001

In re Complaint as to the Conduct of
# MICHAEL T. BARRETT,
*Accused.*

(OSB 98-48; SC S47788)

29 P3d 1137

Michael T. Barrett, Salem, filed the briefs and argued the cause for himself.

Chris L. Mullman, Assistant Disciplinary Counsel, Lake Oswego, filed the brief and argued the cause for the Oregon State Bar.

Before Carson, C. J., and Gillette, Durham, Leeson, Riggs, and De Muniz, JJ.

PER CURIAM

## PER CURIAM

In this lawyer disciplinary proceeding, the Oregon State Bar (Bar) brought three causes of complaint. The first cause of complaint alleges that the accused withdrew an unearned fee from his lawyer trust account and falsely informed his clients that he had performed certain work, thereby violating Code of Professional Responsibility Disciplinary Rule (DR) 1-102(A)(3) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 6-101(B) (neglecting legal matter); DR 7-101(A)(2) (failing to carry out employment contract); and DR 7-102(A)(5) (knowingly making false statement of fact). The second cause of complaint alleges that the accused failed to give an accounting or deliver client records, and made misrepresentations in those respects, thereby violating DR 1-102(A)(3); DR 6-101(B); DR 9-101(C)(2) (failing to preserve client property); DR 9-101(C)(3) (failing to account for client funds); and DR 9-101(C)(4) (failing to deliver client property). The third cause of complaint alleges that the accused failed to cooperate with the Bar in its investigation of the foregoing matters, thereby violating DR 1-103(C) (failing to cooperate with disciplinary investigation) and DR 9-101(C)(2). A trial panel of the Disciplinary Board found that the accused had committed the misconduct alleged, except as to DR 7-101(A)(2) (in first cause), DR 6-101(B) and DR 9-101(C)(2) (in second cause), and DR 9-101(C)(2) (in third cause). The trial panel concluded that disbarment was the appropriate sanction.

Review by this court is automatic. ORS 9.536(2); Bar Rule of Procedure (BR) 10.1. We review *de novo.* ORS 9.536(3); BR 10.6. The record establishes clearly and convincingly that the accused committed the misconduct alleged, and that the accused's misconduct warrants disbarment. A discussion of the facts and circumstances attendant to this proceeding would not advance the interests of the public, bench, or bar.

As did the trial panel, we conclude that the accused violated DR 1-102(A)(3) (two violations), DR 6-101(B), DR 7-102(A)(5), DR 9-101(C)(3), DR 9-101(C)(4), and DR 1-103(C), and that the accused should be disbarred.

The accused is disbarred, effective 60 days from the date of the filing of this decision.